# ORIGINAL

FILED IN CLERKS OFFICE
U.S. D.

AUG 2 5 2005

Luther ~ ~ ~ ~ erk
By: ~~~~~ Deputy Clerk

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | |
|---|---|
| Muzzy Products Corporation, a Georgia Corporation<br><br>Plaintiff,<br><br>vs.<br><br>Primos, Inc., a Mississippi Corporation,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Court File No. 4 - 05 - CV - **182**

## COMPLAINT   JTM

### Jury Trial Demanded

Plaintiff Muzzy Products Corporation ("Muzzy"), for its complaint against Primos Inc., ("Primos"), states and alleges as follows:

## PARTIES

1.     Muzzy is a corporation organized and existing under the laws of Georgia, having its principal place of business in Cartersville, Georgia.

2.     Defendant Primos is, upon information and belief, a corporation organized and existing under the laws of Mississippi, having its principal place of business in Flora, Mississippi.

170512.3

## JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under the patent laws

of the United States, 35 U.S.C. § 271, et. seq.  This Court has subject matter

jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     On information and belief, Defendant has and continues to sell goods

in Georgia through forty-five dealers located throughout Georgia, infringing

Plaintiff's patent as further alleged herein, therefore this Court has personal

jurisdiction over Primos.

5.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and

1400(b) because Primos has committed acts of infringement in this district, and

because a substantial part of the events or alleged acts of infringement giving rise

to the claims stated herein have occurred in this district.

## COUNT I

## INFRINGEMENT OF UNITED STATES PATENT NO. 6,780,079

6.     Plaintiff realleges and incorporates by reference the allegations

contained in the preceding paragraphs.

7.     On August 24, 2004, the United States Patent and Trademark Office

duly and legally issued Patent No. 6,780,079, entitled "Elevated Game Call With

Attachment Feature" ("the '079 patent"), to Muzzy as assignee of the inventor John

Musacchia, Jr.  Muzzy is the owner of the entire right, title and interest in and to

the '079 patent.  A copy of the '079 patent is attached hereto as Exhibit A.

8.     Primos has made, used, offered for sale, and sold within the United

States and has offered for sale and sold within this district products that infringe

the '079 patent, including but not limited to products sold under the name The

Freak.  Primos acted without right or license under the '079 patent.

9.     Muzzy marks its products with U.S. Patent No. 6,780,079 pursuant to

35 U.S.C. § 287.  Muzzy notified Primos on or about September 22, 2003,

pursuant to 35 U.S.C. §154(d), of the published application that eventually

resulted in the issuance of the '079 patent.  Further, Muzzy notified Primos of its

infringement of the '079 patent on September 29, 2004, yet Primos continued to

infringe the '079 patent.

10.     Primos has had and continues to have actual knowledge of the '079

patent and its infringement of the '079 patent has been and continues to be willful, intentional and deliberate.  Primos's infringement is willful and this case is exceptional under 35 U.S.C. § 285.

11.     Muzzy has been damaged and irreparably harmed by Primos' willful, intentional and deliberate infringement of the '079 patent and will continue to be damaged and irreparably harmed into the future unless Primos is preliminarily and permanently enjoined from infringing the '079 patent.

12.     Muzzy has been and continues to be damaged by the acts of Primos in an amount that has not yet been determined, but will be determined upon access to Primos's records during the discovery phase of this litigation.  The claims of the issued '079 patent are not materially, substantially or significantly different from the claims of the published application, of which Primos had notice, and therefore Muzzy is entitled to damages from the date of notice of the published application.

## COUNT II

## CONTRIBUTORY INFRINGEMENT

13.     Plaintiff realleges and incorporates by reference the allegations

contained in the preceding paragraphs.

14.     Certain of Primos's game call products, including but not limited

to The Freak, are especially adapted, made, sold, advertised and promoted by

Primos for use in an infringement of the '079 patent, are a substantial part of the

invention covered by the '079 patent, have no substantial noninfringing use, and

are not staple articles or commodities of commerce, and have caused, and continue

to cause, Muzzy damages and irreparable harm.

## COUNT III

## INDUCING INFRINGEMENT

15.     Muzzy realleges and incorporates by reference the allegations

contained in the preceding paragraphs.

16.     The use and distribution of certain of Primos's game call products,

including without limitation The Freak, by customers and dealers to whom Primos

provides, advertises or promotes such game call products constitutes a direct

infringement of the '079 patent by such customers and dealers.

17.     Primos has designed certain of its game call products, including

without limitation The Freak, for use by customers and for resale by dealers in an

infringing manner; it has marketed, promoted and advertised such infringing use

by customers and dealers; and it has induced customers and dealers thereby to

infringe the '079 patent, causing, and continuing to cause, Plaintiff damages and

irreparable harm.

18.     Primos knew or should have known its actions would induce

actual infringements.

**WHEREFORE**, plaintiff Muzzy, Inc. prays for the following relief:

a.      A judgment that Primos has infringed the '079;

b.      A preliminary and permanent injunction prohibiting Primos and its

officers, director, agents, employees, assigns, and all others acting under or

through it, directly or indirectly, from infringing the '079 patent through further

manufacture, use, offers for sale and sale of infringing products, including but not

limited to further sales of Primos' The Freak turkey call;

c.      An order requiring Primos to pay Muzzy any and all monetary

damages, but not less than a reasonable royalty, to which Muzzy is entitled and

treble damages for willful infringement under 35 U.S.C. § 284, plus interest on all

170512.3                        *Page -6-*

amounts;

     d.    An order requiring Primos to pay Muzzy all costs, disbursements, and attorneys' fees incurred by Muzzy in this action under 35 U.S.C. § 285, with interest; and

     e.    Such other, further and additional relief as this Court may deem proper and just.

## JURY DEMAND

Muzzy demands that the above entitled matter and all issues so triable be tried before and decided by a jury.

This 25th day of August, 2005.

**BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP**

By: *Robert M Brinson*
ROBERT M. BRINSON
Georgia Bar No: 082900
bbrinson@brinson-askew.com

*(Signatures Continued on Next Page)*

By:   _A. Fr. Beacham_

A. FRANKLIN BEACHAM, III
Georgia Bar No: 043743
Fbeacham@brinson-askew.com

P.O. Box 5513
Rome, Georgia 30162-5513
(706) 291-8853

**BRIGGS AND MORGAN, P.A.**
John B. Lunseth, II #65341
Jlunseth@Briggs.com
Gerald E. Helget #55184
Jessica R. Rosenberg #331417
Jessica R. Rosenberg, #331417
80 South Eighth Street
Suite 2200
Minneapolis, Minnesota 55402
(612)  977-8400
(612)  977-8650 *fax*

OF COUNSEL

*Attorneys  for  Plaintiff  Muzzy  Products Corporation*

170512.3                        *Page -8-*